MAXWELL, Justice,
dissenting:
¶ 62. All justices agree the party wrongly excluded Wilson from the ballot, but the remedy for this error is the sticking point. While I do not doubt the majority’s sincere belief that complying with this court’s order will not place the Secretary *384 of State in violation of UOCAVA and other federal election laws, that issue remains-to -he-seen.-..And this court’s order in no way-shields the'Secretary — or the validity of the Mississippi’s Democratic primary itself — from federal challenge. 'Also, adding a, candidate midstream, causing absentee voters to choose from different pools of candidates than those in ballots cast on March 8, 2016,-has potential to disenfranchise voters and begs the question of just how late a candidate can be added.. So I do not join the majority. I instead agree with the gist of. Chief Justice Waller’s point that Dr. Wilson’s delay while trying to “negotiate” — instead of seeking a formal hearing with the party, then immediate judicial intervention — keeps him from receiving the remedy he seeks.
¶ 68. As Chief Justice Waller correctly notes in his dissent, the entity We all agree violated Wilson’s due-process rights is not even named as party to this lawsuit. For this reason, the majority’s heavy reliance on Meeks v. Tallahatchie County, 513 So.2d 563 (1987), seems misplaced. In Meéks, unlike here, the would-be candidate sued the Mississippi Democratic Executive Committee. Id. at 564. So -this court’s instructions were directed to the state executive committees on what they must do to provide potential candidates due process. Id. at 565. This court ultimately concluded, if there were any procedural irregularities, they were harmless because the candidate was in fact disqualified. Id. Thus, Meeks did not consider what would be an appropriate remedy for an otherwise qualified candidate who did not learn about his disqualification until after the deadline to inform the Secretary of State. And it certainly did not consider the State’s competing interest in orderly elections as a reason to deny a candidate’s request to be placed on this ballot.
¶ 64. Nor do I see how Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), a habeas corpus case involving a criminal defendant’s right to counsel,-is relevant. To suggest that the Secretary of State’s enforcement of a known and necessary ballot deadline is akin to the atrocity of wrongful incarceration is, to put it mildly, quite a stretch. This is not to downplay-Dr. Wilson’s due-process rights. But as the Chief Justice pointed out in his dissent, Dr. Wilson had been in.a position to protect his rights prior to January 23 but chose not to do so.
¶ 65. I furthér disagree with the majority’s ordering “any voting precincts using paper ballots for the March 8 election prepare ballots that include Dr. Wilson as a candidate.” I point out that Dr. Wilson did not ask for this remedy. Instead, his only request was that the Secretary of State be ordered to add his name to the electronic ballot. And even the majority acknowledges Dr. Wilson “has waived any right to challenge any ballot already printed or issued.” So I do not see how this part of the order squares with Dr. Wilson’s clear waiver. Instead, it only seems to create potential confusion for the county Democratic executive committees and the reported seventy-eight of eighty-two local election precincts that already have started printing ballots to be used on March 8.
¶ 66. For these reasons, I dissent.
WALLER, C.J., JOINS THIS OPINION.